**In the Matter of SEAWINDS LIMITED, Debtor.**

**XTRA, INC., Appellant,**

**v.**

**SEAWINDS LIMITED, a corporation, Appellee.**

**No. 88–15386.**

United States Court of Appeals, Ninth Circuit.

Submitted October 3, 1989 *

Decided Nov. 2, 1989.

---

* The panel finds this case appropriate for submission without argument pursuant to Ninth Circuit Rule 34–4 and Fed. R. App. P. 34(a).

Thomas Paine, Law Offices of Thomas Paine, San Francisco, Cal., for appellant.

Tracy Green, Goldberg, Stinnett & Mac-Donald, San Francisco, Cal., for appellee.

Before TANG, HALL and BRUNETTI, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

XTRA, Inc. ("XTRA") appeals from a summary judgment in favor of Seawinds Limited ("Seawinds") entered by the district court, reversing in part and affirming in part the bankruptcy court's order of summary judgment. We review the grant of summary judgment *de novo*. *In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.*, 819 F.2d 214, 215 (9th Cir. 1987). For the reasons stated in Judge Peckham's excellent opinion in this case, *In re Seawinds, Ltd.*, 91 B.R. 88 (N.D.Cal. 1988), we affirm.

Debtor Seawinds, in the business of transporting goods by sea, entered into several contracts to lease cargo containers and other equipment from supplier XTRA in early 1983. Dissatisfied with Seawinds' late payments, XTRA sent Seawinds a telex on April 18, 1984, advising that further delays in payments would not be tolerated. On May 8, 1984, XTRA terminated its leases with Seawinds due to continued default of the payment terms. This termination notification also demanded immediate payment of all outstanding charges and return of all equipment. On August 2, 1984, XTRA raised the rent on the remaining equipment (effective September 1) until it could be collected from Seawinds.

Seawinds filed for relief under Chapter 11 of the United States Bankruptcy Code on October 22, 1984. Seawinds also attempted to avoid as preferential seven transfers of funds made to XTRA within 90 days of the filing of its bankruptcy petition, as provided for by 11 U.S.C. § 547(b). The parties stipulated that the above transfers were in fact preferential, but XTRA argued that these transfers were subject to the "ordinary course of business" exception set forth in 11 U.S.C. § 547(c)(2).

We hold that the district court was correct in concluding that the preferential transfers at issue were not made within the ordinary course of business exception. "A creditor who takes the steps of terminating its contracts with a struggling debtor, demanding immediate payment and return of equipment, and then raising rates on any remaining equipment is using economic pressure to obtain payment as soon as possible." 91 B.R. at 92. *See also In re Craig Oil*, 785 F.2d 1563, 1566 (11th Cir. 1986). Such conduct is to the detriment of other creditors and can hardly be considered to be within the ordinary course of business.

We likewise find no merit in XTRA's argument that the district court erred in improperly resolving a disputed question of fact as to whether XTRA terminated its contract with Seawinds before the transfers were made. The bankruptcy court and the district court found, based upon stipulations of the parties, affidavits, and copies of the documents themselves, that XTRA had terminated the leases "effective immediately" on May 8, 1984 and had raised its rates for all outstanding equipment on August 2, 1984. There is no genuine issue of material fact as to these points. Nor does XTRA's contention that it did not implement the termination of the leases alter our conclusion. Whether or not XTRA succeeded in its pressure tactics, the parties nonetheless dealt with one another, as the district court observed, in light of the notice of termination. *In re Seawinds*, 91 B.R. at 92.

AFFIRMED.